**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Thomas Joseph Serna,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-10-0479-PHX-DGC (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Dismiss**<br>**Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

Petitioner, presently incarcerated in the Arizona State Prison Complex at Florence, Arizona, has filed a Motion to Dismiss Case (Doc. 20) asking that his Petition for Writ of Habeas Corpus be dismissed without prejudice. Respondents have not responded, and the time to respond has expired

The motion is a dispositive motion, and accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

**Background** - Petitioner was convicted in Maricopa County Superior Court, case #CR-2006-011308- 001-DT, of one count of attempted sexual conduct with a minor and two counts of sexual conduct with a minor. Petitioner now challenges his conviction on grounds of that his counsel was ineffective, and that his plea agreement and state statues called for a "half time" sentence . (Petition, Doc. 1.) Subsequently, Petitioner filed a Motion for Stay and Abeyance (Doc. 11), seeking to stay this proceeding to permit him to litigate unspecified claims in state court.

Respondents have filed an Answer (Doc. 17) arguing that Petitioner's claims are without merit, and asserting that a stay is inappropriate because all asserted claims have been

- 1 -

1  exhausted.. (*See also* Response to Motion to Stay, Doc. 13.)

2  The time to reply in support of the Petition has expired. (*See* Oder 7/30/10, Doc. 19.)

3  **<u>Motion to Withdraw/Dismiss</u>** - In his Motion, Petitioner relates that "he has received 4 notice by ADOC that he will in fact be eligible for parole" and "concedes that he was not 5 prejudice[d] from presentence incarceration to [sic] credit." (Doc. 20 at 2.) Nonetheless, he 6 wishes to reserve a right to bring a future petition challenging the subject matter jurisdiction 7 of the state court.

8  Although their Answer seeks denial of the Petition and the Motion to Stay, 9 Respondents have not opposed Petitioner's Motion to Dismiss, and the time to respond has 10 long since run. Pursuant to Local Civil Rule 7.2(i), the Court should deem the failure to 11 respond to be "a consent to the denial or granting of the motion."

12  Federal Rule of Civil Procedure 41(a)(2) permits a dismissal of an action upon motion 13 of Plaintiff "by court order, on terms that the court considers proper."

14  While the undersigned is not convinced that a denial on the merits would not result 15 on the basis of the existing Petition, neither is the undersigned willing to assume at this 16 juncture that  Petitioner is so devoid of the potential for obtaining state remedies that a 17 dismissal with prejudice is necessary  To the extent that Petitioner may be successful in 18 obtaining an audience with the state courts on his subject matter claim, it is more prudent for 19 this Court to delay addressing the merits of the Petition and/or any procedural defenses until 20 after the state courts have addressed whatever claims Petitioner might seek to assert.

21  In so recommending, the undersigned is not unmindful that no tolling of the habeas 22 limitations period results from the pendency of a federal habeas petition. *Duncan v. Walker*, 23 533 U.S. 167 (2001). Nor does the pendency of a state proceeding after expiration of the 24 statute of limitations revive the  time to file a habeas petition. *Jiminez v. Rice*, 276 F.3d 478, 25 482 (9th Cir. 2001). Thus, even though the present Petition may have been timely, a 26 subsequent habeas petition following dismissal may not be timely as a result of the six 27 months that have passed during the pendency of this action.

28  Nonetheless, Respondents present no reason to not permit Petitioner the opportunity

- 2 -

to pursue his course.  Doing so will avoid foreclosing Petitioner from seeking habeas relief in the future under the successive petition limitations of 28 U.S.C. § 2244(b).  *See Stewart v. Martinez-Villareal*, 523 U.S. 637 (1998) (dismissal without prejudice does not make subsequent petition "successive").  *See also Hertz & Liebman*, Fed. Hab. Corpus Pract. & Proced. §28.3(b)(ii) (2009) (discussing non-consideration of prior dismissals without prejudice at request of petitioner).

Accordingly, a dismissal without prejudice will be recommended.

**Certificate of Appealability** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being dismissed.  However, because that dismissal will be without prejudice at the request of Petitioner, it will not be a resolution adverse to Petitioner.  Accordingly, a decision on a certificate of appealability is not required.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Dismiss Case Without Prejudice, filed August 9, 2010 (Doc. 20) be **GRANTED**.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion for Stay and Abeyance, filed April 8, 2010 (Doc. 11) be **DENIED** as moot.

**IT IS FURTHER RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed March 2, 2010 (Doc. 1) and this action be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: September 17, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\10-0479-020r RR 10 09 14 re PoMTD HC.frm